## BLANCHARD v. VILLAGE OF GONZALES.
### No. 1749.

Court of Appeal of Louisiana. First Circuit.

Nov. 6, 1937.

C. A. Blanchard, of Donaldsonville, pro se.

C. V. St. Amant, of Donaldsonville, for appellee.

DORE, Judge.

Plaintiff alleges that he was employed by the Village of Gonzales as attorney to file and prosecute six suits against six different persons for the recovery of the total sum of $2,600 due by these six persons to said village; that he filed said suits, but, before the same were tried, the said village had said suits dismissed without his knowledge; that he expended the sum of $65.45 costs in filing said suits, and, while there was no specified agreement reached as to his fee at the time of his employment, it was understood that he would receive the fees provided by law of 10 per cent. in the event said suits were successful, and, in the event of an unfavorable termination of said suits,

he was to receive a reasonable fee. His claim is for a fee of $150, plus the cost expended by him, a total of $215.45.

An exception of no cause of action was filed by the Village of Gonzales in so far as the claim for attorney's fees is concerned. It appears that the cost incurred by plaintiff in said suits has been refunded to him, leaving only his claim for attorney's fees. The exception was sustained and plaintiff's suit dismissed. He has appealed.

It does not seem to be disputed that the defendant village is incorporated under the general municipal corporation act, known as the Lawrason Act, or Act No. 136 of 1898. The appointment of an attorney for the said village is provided for by section 23 of said act, and is to be done by the board of aldermen; the board of aldermen, in the absence of the appointment of a regular attorney, has the power to employ counsel to represent its interest when occasion requires. However, such appointment or employment is made by an ordinance or resolution adopted by the board of aldermen, setting forth the duties of the said attorney and fixing his compensation therefor. Such is the only method by which a debt can be incurred or contract entered on the part of the village.

The petition is clearly lacking in any allegation from which to infer that the defendant village had not appointed a regular annual village attorney, or that an ordinance or resolution had been adopted by the board of aldermen employing the plaintiff to represent the village in these cases.

The petition is also clearly lacking in any allegation that the special employment of plaintiff herein by the defendant was approved by the Attorney General of this state as provided for by section 3 of Act No. 29 of the Third Extra-Session for 1934.

These allegations are essential in that they form the very basis of his contract of employment in order that he may recover from the defendant corporation.

It is contended by plaintiff that, under the special laws incorporating the cities, towns, and villages of the state, they are given the authority by their charter to contract, through their governing bodies, and to sue and be sued; that Act No. 29, supra, is a general statute and does not have the effect of repealing or amending the special charter of the village. But to give the act this effect would be tantamount to saying that it is

nugatory. It is our opinion that this act was passed to cover such cases as are presented to us in this matter, that is, the employment of special attorneys for special purposes by municipalities of this state.

Judgment affirmed.